OPINION
Appellant Anthony Roscoe assigns twelve errors[1] challenging the trial court's determination that he was a sexual predator. Having reviewed the record and the legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
In September 11, 1989, Roscoe pleaded guilty to aggravated murder and rape and was sentenced to life imprisonment plus a consecutive term of ten to twenty-five years. On August 21, 1997, after the passage of H.B. 180, Roscoe was ordered returned to the trial court for a sexual predator determination hearing.
The hearing was held on November 18, 1997. The state presented the testimony of Detective Timothy Patton, who questioned Roscoe after his arrest. During the interview, Roscoe admitted raping his girlfriend's eight-year-old daughter. He also told police that, after the attack, the child began to bleed heavily from the vaginal area. After trying to stop the bleeding, Roscoe became worried that authorities would find out about what he had done. He then took the child to an area underneath an RTA overpass and stabbed her to death as her one-year-old brother watched. Thereafter, Roscoe reported the child missing and told police that she wandered away from a downtown fast food restaurant. The child's body was discovered under the RTA overpass two days later.
Roscoe did not present any witnesses in his defense. The trial court then found Roscoe to be a sexual predator. This appeal followed.
In his first, second, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, and twelfth assignments of error, Roscoe challenges the constitutionality of R.C. Chapter 2950. This court has reviewed and rejected these constitutional challenges inState v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported. Accordingly, Roscoes first, second, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, and twelfth assignments of error are summarily overruled.
In his third assignment of error, Roscoe argues his sexual predator hearing failed to comport with the procedural requirements of H.B. 180. R.C. 2950.09(B)(1) provides as follows:
 At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator.
Our review of the transcript reveals that Roscoe was given the opportunity to present evidence, to testify, and to cross examine the witness presented by the state. However, in his third assignment of error, Roscoe argues the evidence presented at the hearing was insufficient to prove by a preponderance of the evidence that he was likely to engage in one of more sexually oriented offenses in the future.
At the hearing, Detective Timothy Patton testified as to the details of the crime and Roscoe's confession. The testimony revealed that Roscoe raped the child, then stabbed her to death in an attempt to cover up the rape. R.C. 2950.09(B)(2) outlines the factors to be considered by the trial court when making a sexual predator determination. These factors include the age of the offender, the age of the victim, the offender's prior criminal record, the number of victims, whether the offender used drugs or alcohol to subdue the victim, whether the offender completed any sentence imposed for a prior criminal offense or participated in any available treatment for a prior sexually oriented offense, any mental illness or mental disability of the offender, the nature of the offender's sexual activity with the victim and whether it was part of a pattern of abuse, whether the offender imposed, displayed or threatened cruelty during the commission of the sexually oriented offense, and any additional behavioral characteristics that contribute to the offender's conduct.
In determining that Roscoe was a sexual predator, the trial court recognized that Roscoe had no prior criminal record, but gave this factor no weight because of the heinous nature of Roscoe's crime.
 There is nobody in the penitentiary in Ohio or any state who committed a more depraved crime than this nor presents a greater danger to the safety of the community and the most vulnerable members of our communities children. Particularly horrifying in the case is the fact the child was entrusted to him and trusted him, and he spent hours with this child after he committed this sexual offense, heinous disgusting offense on a child, and for his own betterment decided to cold bloodedly put her in a car and kill her. * * * This is a particularly awful crime.
(Tr. 16.)
We agree with the trial court that the parent-child type of relationship between the offender and the victim makes the crime committed by Roscoe even more abhorrent. The fact that the victim was just eight years old also weighs in favor of finding Roscoe to be a sexual predator. There was evidence in the record that the child suffered from a mental deficiency and had the mentality of a four year old child. Accordingly, even though Roscoe did not use drugs or alcohol to subdue his victim, he was aware that her mental limitations would impair her ability to resist his assault.
Furthermore, Roscoe admitted that he murdered the child in order to cover up the rape. Though he claimed to feel remorse after the attack, he reacted with further violence against the victim instead of seeking medical help for the victim and/or turning himself in. The victim, who weighed just eighty pounds, was stabbed thirteen times in the chest by the 6'4" Roscoe who weighed two-hundred twenty (220) pounds. The victim also received stab wounds to the right forehead and left knee and was severely beaten as evidenced by multiple contusions and abrasions resulting from blunt impacts to the trunk and extremities.
Previous instances of violent behavior have been held to be an important indicator of future violent tendencies. State v. Bartis
(Dec. 9, 1997), Franklin App. No. 97APA05-600, unreported, affirmed (1998), 84 Ohio St.3d 9. "A trier of fact, therefore, can look at past behavior in determining future propensity since past behavior is often an important indicator for future propensity." Id. Under the circumstances, we find the trial court did not err in finding Roscoe to be a sexual predator. Roscoe's third assignment of error is overruled.
Having found no merit to any of Roscoe's assignments of error, we affirm the decision of the trial court.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DYKE. P J., and SPELLACY, J., CONCUR.
PATRICIA ANN BLACKMON, JUDGE.
[1] See Appendix. 
 APPENDIX
ASSIGNMENTS OF ERROR
 I. H. B. 180, AS APPLIED TO APPELLANT, VIOLATES ARTICLE I, SECTION 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ARTICLE II, SECTION 28 OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
 II. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLA TED APPELLANTS DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180 WHICH INCLUDE "WITNESSES," "EVIDENCE," AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
 III. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
 IV. APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 V. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANTS H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 VI. H.B. 180 IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
 VII. H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
 VIII. H. B. 180, AS APPLIED TO APPELLANT, CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 IX. THE PUBLIC NOTIFICATION PROVISIONS OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANTS CONSTITUTIONAL RIGHT TO PRIVACY.
 X. H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 9 OF THE OHIO CONSTITUTION.
 XI. APPLICATION OF H.B. 180 TO APPELLANT, WHO PLED NO CONTEST TO OFFENSES PRIOR TO THE EFFECTIVE DATE OF THIS LEGISLATION, VIOLATED APPELLANTS DUE PROCESS RIGHTS AND CRIM.R. 11, SINCE HE COULD NOT HAVE BEEN INFORMED OF THE REGISTRATION/NOTIFICATION CONSEQUENCES OF HIS PLEA AT THE TIME OF HIS PLEA.
 XII. THE TRIAL COURT ERRED IN IMPOSING REGISTRATION REQUIREMENTS UPON APPELLANT, SINCE APPELLANT WAS SENTENCED PRIOR TO THE EFFECTIVE DATE OF R.C. 2950.04, WHICH PROVIDES FOR THE MANNER OF OFFENDER REGISTRATION.